UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1036(DSD/JSM)

Anastasia Kersten,

       Plaintiff,

v.                                                      **ORDER**

Old Dominion Freight Line, Inc.,

       Defendant.

      Celeste E. Culberth, Esq. and Culberth & Lienemann, 444 Cedar Street, Suite 1050, St. Paul, MN 55101, counsel for plaintiff.

      Martin D. Kappenman, Esq. and Seaton, Peters & Revnew, P.A., Suite 500, 7300 Metro Boulevard, Minneapolis, MN 55439, counsel for defendant.

This matter is before the court upon cross motions for summary judgment by plaintiff Anastasia Kersten and defendant Old Dominion Freight Line, Inc. (Old Dominion). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants Kersten's motion.

**BACKGROUND**

This employment dispute arises from the termination of Kersten by Old Dominion. Kersten began working at Old Dominion in the customer-service department on March 29, 2005. Compl. ¶ 5. In

September 2009, Kersten requested parenting leave.[1]  Id. ¶ 9.  The parties agreed that Kersten's parenting leave would begin September 10, 2009, and conclude November 1, 2009.  Id. ¶ 10.

Kersten delivered her baby on September 10, 2009, whereupon her doctor advised that she take eight weeks to recover from complications related to childbirth.  Culberth Decl. Ex. 8.  On September 18, 2009, Kersten emailed Steve Miller, an Old Dominion terminal manager, and requested to "come back on the 9th as long as that is ok with you."  Culberth Decl. Ex. 9.  Miller responded that "Nov 9 will work."  Id.  On November 4, 2009, Old Dominion terminated Kersten.  Compl. ¶ 13.

On April 12, 2011, Kersten filed suit in Minnesota court, alleging a violation of the Minnesota Parental Leave Act (MPLA).  Old Dominion timely removed.  Both parties move for summary judgment.

**DISCUSSION**

**I.  Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

---

[1] Old Dominion does not dispute that it is an employer subject to the Minnesota Parental Leave Act (MPLA).  See Minn. Stat. § 181.940, subdiv. 3.  Old Dominion also does not dispute that Kersten was eligible for MPLA leave.  See id. § 181.940, subdiv. 2.

2

P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Failure to Reinstate**

Under the MPLA, "[a]n employer must grant an unpaid leave of absence to an employee who is a natural or adoptive parent in conjunction with the birth or adoption of a child." Minn. Stat.

3

§ 181.941, subdiv. 1.[2] The employee determines the length of leave, "but [the leave] may not exceed six weeks, unless agreed to by the employer." Id. Kersten argues that the September 18, 2009, email extended her MPLA leave to November 9, 2009. Old Dominion responds that the email extended her leave, but did not extend her right to reinstatement.

The Minnesota Supreme Court explains that "there is no language in the MPLA to suggest that an extension of leave also extends the right to reinstatement." Hansen v. Robert Half Int'l, Inc., 813 N.W.2d 906, 917 (Minn. 2012). In other words, "absent a specific agreement to reinstate, an extension of leave under the MPLA does not extend the right to reinstatement." Id.

In the present action, Kersten emailed Miller and requested to "come back on the 9th as long as that is ok with you." Culberth Decl. Ex. 9. Miller responded: "Nov 9 will work." Id. Neither email specifically referenced "reinstatement," and the court must determine whether receiving permission to return to work on November 9 is "a specific agreement to reinstate."

Although this question was not explicitly answered by Hansen, the court finds the decision instructive. The Hansen court was

---

[2] A plaintiff may bring an MPLA claim for retaliation or failure to reinstate. See Minn. Stat. § 181.941, subdiv. 3 (retaliation); id. § 181.942, subdiv. 1 (reinstatement). To the extent the complaint is ambiguous, Kersten clarifies that she is only pursuing a failure-to-reinstate claim. See Pl.'s Mem. Opp'n 5.

4

tasked with, among other issues, determining whether an employee "was required to specifically invoke the MPLA [by name] when requesting leave." Hansen, 813 N.W.2d at 915. There the court noted that the "plain language of the MPLA does not require an employee to specifically refer to the Act [by name] when requesting a leave." Id. Further, to the extent that the MPLA is potentially ambiguous - "due to silence as to the mechanism by which an employee is entitled to the protections of the statute" - the court explained that

> an employee should be entitled to the protections of the Act when she informs her employer of a qualifying reason for the needed leave and is otherwise eligible for such leave. A narrow reading of the MPLA would deny an employee the protections of the statute based on the technicality of failing to expressly invoke the statute.

Id. at 916. Moreover, the Hansen court analogized to the Family Medical Leave Act (FMLA), explaining that employees need not specifically refer to the FMLA to invoke the protections of the Act. Id. (citations omitted); see also Kobus v. Coll. of St. Scholastica, Inc., 608 F.3d 1034, 1036-37 (8th Cir. 2010).

Using Hansen as a guide, the court determines that no specific language is required to extend leave; rather, a specific agreement to reinstate is reached when an employee requests a date to return to work, and an employer consents. A contrary interpretation would contravene the goal of the MPLA - to provide pregnancy leave for a term mutually agreed upon by the employer and employee. Here,

5

Kersten asked to return on November 9, 2009, and Miller agreed. Therefore, the court determines that Kersten and Old Dominion reached a specific agreement to extend her reinstatement date to November 9, 2009.

### III.  Bona Fide Layoff and Recall System

Under the MPLA, an exception to reinstatement exists when, during an employee's leave, "the employer experiences a layoff and the employee would have lost a position had the employee not been on leave, pursuant to the good faith operation of a bona fide layoff and recall system, including a system under a collective bargaining agreement."  Minn Stat. § 181.942, subdiv. 1.  Old Dominion argues that even if Kersten was otherwise entitled to reinstatement, it terminated her pursuant to a bona fide layoff and recall system.

#### A.  Burden Shifting

Old Dominion argues that the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to the court's analysis of whether Kersten was terminated pursuant to a bona fide layoff and recall system.  In support, Old Dominion relies on Hillins v. Marketing Architects, Inc., 808 F. Supp. 2d 1145 (D. Minn. 2011).  This decision is unpersuasive, however, because Hillins involved a retaliation claim and not a claim for

failure to reinstate.[3] Id. at 1156 (explaining inquiry as whether an employee was "chosen for termination based on her exercise of her right to parental leave").

Retaliation and failure-to-reinstate are distinct actions under the MPLA. See Hansen, 813 N.W.2d at 918. In the former, the court engages in a burden-shifting framework to determine whether the employee was terminated in retaliation for taking MPLA leave, whereas in the latter, the court examines whether termination occurred while an employee was on MPLA-protected leave. See Gangnon v. Park Nicollet Methodist Hosp., 771 F. Supp. 2d 1049, 1053-54 (D. Minn. 2011) (engaging in burden shifting only for retaliation claim).[4] As a result, the court determines that the McDonnell Douglas burden-shifting framework does not apply to Kersten's failure-to-reinstate claim under the MPLA. Accord Hansen, 813 N.W.2d at 916-17 (analyzing failure-to-reinstate claim without examining retaliatory motive). Therefore, the burden is on

---

[3] Old Dominion argues that the complaint in the underlying action is identical to the complaint in Hillins. To the extent this is true, Kersten waived any claim for retaliation. Pl.'s Mem. Opp'n 5.

[4] To the extent that the FMLA is instructive, the Eighth Circuit has declined to engage in burden shifting "[w]hen analyzing an interference claim under the FMLA." Stallings v. Hussmann Corp., 447 F.3d 1041, 1050 n.3 (8th Cir. 2006); see also Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 331 (1st Cir. 2005) ("No showing as to employer intent is required."); King v. Preferred Technical Grp., 166 F.3d 887, 891 (7th Cir. 1999) (same). But see Sabourin v. Univ. of Utah, 676 F.3d 950, 958 (10th Cir. 2012) (applying burden shifting to FMLA interference claim).

7

Old Dominion to demonstrate that it terminated Kersten pursuant to a bona fide layoff and recall system.

B.  **Reduction-in-Force**

Old Dominion next argues that it terminated Kersten as part of a valid reduction-in-force (RIF), which it claims falls under the bona fide layoff and recall exception to reinstatement.[5]  In support, Old Dominion analogizes to the FMLA.

The FMLA generally requires that an employee "be restored by the employer to the position of employment held by the employee when the leave commenced."  29 U.S.C. § 2614(a)(1)(A); see Phillips v. Mathews, 547 F.3d 905, 914 (8th Cir. 2008).  This, however, is a qualified privilege.  The FMLA explains that an employee is not entitled to "any right, benefit, or position of employment ... to which the employee would [not] have been entitled had the employee not taken the leave."  29 U.S.C. § 2614(a)(3)(B).  When an employer shows that "an employee would have been laid off during the FMLA leave period," independent of the employee's leave, the employee will not be entitled to restoration.  29 C.F.R. § 825.216(a)(1).  In other words, a valid RIF can be a defense to termination under the FMLA.  See Throneberry v. McGehee Desha Cnty. Hosp., 403 F.3d 972, 977 (8th Cir. 2005).

---

[5] The court notes that RIF inquiries are often deferential to employer decisionmaking.  See Rahlf v. Mo-Tech Corp., 642 F.3d 633 (8th Cir. 2011) (explaining that company need not even "provide evidence of financial distress to make it a legitimate RIF") (citation and internal quotation marks omitted).

And although the FMLA can be instructive when analyzing the MPLA, in such cases the operative language between the statutes must be similar. See Hansen, 813 N.W.2d at 915-16 (noting similarity between definition of "employee" under MPLA and "eligible employee" under FMLA).[6] The MPLA, however, neither specifically exempts layoffs pursuant to a RIF, nor is the exception written so broadly as to implicitly encompass a RIF. Moreover, had the legislature intended to exempt a RIF, it would have specifically stated such an intention. See, e.g., N.J. Stat. Ann. § 34:11B-7 ("If during a leave provided by this act, the employer experiences *a reduction in force* or layoff and the employee would have lost his position had the employee not been on leave, as a result of the *reduction in force* or pursuant to the good faith operation of a bona fide layoff and recall system ... the employee shall not be entitled to reinstatement ....") (emphasis added). As a result, pursuant to the plain language of the MPLA, the court determines that a RIF is not covered by the bona fide layoff and recall exception.

Old Dominion nevertheless argues that Kersten was terminated pursuant to a bona fide layoff and recall system. In support, Old

---

[6] Compare Minn. Stat. § 181.941, subdiv. 1 (defining an employee as "a person who performs services for hire for an employer *from whom a leave is requested under* [the MPLA]) (emphasis added), with 29 U.S.C. § 2611(2)(A)(i) (defining eligible employee as one "who has been employed ... for at least 12 months by the employer with respect *to whom leave is requested under* [the FMLA]") (emphasis added).

9

Dominion explains that while Kersten was on leave, financial conditions changed such that a layoff became necessary. Brian Stoddard, vice-president of safety and personnel at Old Dominion, testified that it was "standard operating procedure" to use "full-time seniority dates in making decisions of job eliminations and economic cutbacks." Stoddard Dep. 10:3-7, 12:8-20. Kersten had the least full-time employment, and as a result, she was selected for termination. See Miller Dep. 31:14-15; Kappenman Aff. Ex. D, at 18-19.

Terminating the employee with the least full-time experience, however, was not a written policy. Rather, as Stoddard explains, it was "just a fair standard operating procedure." Stoddard Dep. 12:21-13:8. And even if this "verbal" policy was sufficient to establish a bona fide layoff system, Old Dominion presented no evidence of a recall system. In fact, Miller stated that "[i]f a job cut had to be done, we terminate. We don't lay off. We don't leave that possibility that they may come back. They're terminated." Miller Dep. 30:17-21. As a result, Old Dominion has presented no evidence that it terminated Kersten pursuant to a bona fide layoff and recall system. Therefore, summary judgement in favor of Kersten is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgement [ECF No. 35] is granted; and

2. Defendant's motion for summary judgment [ECF No. 38] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 30, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court